## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. KENNETH CALKINS,<br>an individual,<br>   Plaintiff,<br>vs.<br><br>1. LOCKTON COMPANIES, L.L.C.,<br>a foreign corporation,<br><br>   Defendant. | Case No. 18-CV-433-TCK-FHM<br><br><br>**JURY TRIAL DEMANDED**<br>**ATTORNEY LIEN CLAIMED FOR**<br>**THE FIRM** |

## COMPLAINT

**COMES NOW,** the Plaintiff, Kenneth Calkins ("Plaintiff"), through his attorney of record, Charles C. Vaught of *Armstrong & Vaught, P.L.C.* and hereby brings discrimination claims pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621, *et seq.* against Lockton Companies, LLC ("Defendant") for violations of that Act committed by Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a). In particular, jurisdiction is premised on violations of the ADEA.

2. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 29 U.S.C. §§ 621, *et seq.*

3. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1331

and 28 U.S.C. § 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

5. Plaintiff is, and was at all times relevant hereto, a resident of the State of Oklahoma, residing in Skiatook, Osage and Tulsa Counties, Oklahoma.

6. The acts and/or omissions giving rise to this lawsuit occurred in the federal judicial district sitting in Tulsa, Oklahoma.

7. In conformance with ADEA statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC") less than 300 days after the events described herein occurred. Subsequently, Plaintiff submitted a Charge of Discrimination, prepared by the EEOC, to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on May 22, 2018 (attached as Exhibit 1 hereto and hereby incorporated by reference as though fully set forth herein), which was received by Plaintiff via regular mail on May 24, 2018.  Plaintiff has timely filed his *Complaint* within 90 days of his receipt of the Notice of Right to Sue from the EEOC.

8. Defendant is an employer as defined by the ADEA in that it employed in excess of 20 employees who worked for the company for at least twenty calendar weeks for the relevant periods at issue.

9. Plaintiff was, at all times relevant hereto, an individual subject to coverage under the ADEA by virtue of his application for employment with Defendant which was rejected solely due to Plaintiff's age at the time of his application.

## OPERATIVE FACTS

10. Plaintiff is a member of the following protected classes, to wit: an individual over the age of 40.

11. On or about October 20, 2016 Plaintiff was contacted by John C. Holst III, an employee of Lockton Companies in St. Louis, MO who advised Plaintiff that Peter Caine, COO of Lockton Companies, would contact him regarding joining their firm and opening a satellite office in Tulsa, OK.

12. Between October 2016 and January 2017, Plaintiff had several phone interviews with Mr. Peter Caine. During these interviews, Mr. Caine advised Plaintiff he was interested in meeting with Plaintiff and requested that Plaintiff travel to St. Louis, MO for an interview.

13. On January 18, 2017 and January 19, 2017, Plaintiff travelled to St. Louis, MO and interviewed with Mr. Peter Caine, Kevin McDaniel, and several other key executives of Lockton Companies.

14. During the interview process, Mr. Caine advised Plaintiff Lockton companies was interested in hiring him. Mr. Caine also advised Plaintiff that Lockton Companies had a mandatory retirement age of sixty-five years old. Plaintiff advised Mr. Caine that I planned to work until at least age sixty-eight and expressed concerns with the mandatory retirement policy. Mr. Caine advised Plaintiff there was a referral program after the age of sixty-five that offered reduced commissions as a sub-contractor, but advised Plaintiff Lockton Companies would attempt to "work something out" regarding this policy and how it would apply to Plaintiff.

15. Over the next couple months, Plaintiff spoke with Mr. Cain several times. During these conversations, Mr. Caine advised Plaintiff that Lockton Companies was attempting to "work something out" regarding the mandatory retirement age and was moving closer to making an employment offer to Plaintiff.

16. During this same period of time, Mr. Caine advised Plaintiff that during his employment he would be on a compensation plan in the form of a draw reduced by commissions earned. Due to having previous knowledge of another producer with Lockton Companies being offered a base salary for a period of time and a draw reduced by commissions earned, Plaintiff asked Mr. Caine if this would be an option for him. Mr. Caine advised Plaintiff that "sometimes Lockton Companies offers this compensation plan to new, younger producers they feel have promise" and that the compensation plan Plaintiff had proposed was not an option for him.

17. In early Spring of 2017, Plaintiff received a telephone call from Mr. Caine. He advised Plaintiff that his qualifications were what Lockton Companies was looking for and that Plaintiff's interviews had gone well, but then advised Plaintiff that, due to the mandatory retirement age of sixty-five, it would "just not make sense" for Lockton Companies to hire him. This was Plaintiff's final conversation with Lockton Companies regarding any consideration of employment.

18. Plaintiff believes that he was discriminated against on the basis of his age in violation of the Age Discrimination in Employment Act of 1967.

19. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state, as follows:

20. Plaintiff is a member of a protected class, to wit: an individual over 40-years of age.

21. Plaintiff was subjected to discrimination on the basis of his age due to Defendant's refusal to offer employment to Plaintiff due to Plaintiff's age.

22. Defendant's actions are a willful violation of the ADEA in that Plaintiff's age was a determinative factor in Defendant's refusal to hire Plaintiff.

WHEREFORE, premises considered, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; enjoin the Defendant from engaging in such conduct; enter a judgment for Plaintiff in an amount equal to the actual damages, compensatory damages, punitive damages and statutory penalties incurred for Defendant's violation, all in excess of $100,000.00, plus interest, costs and attorney fees; and grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: *s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
***Attorney for Plaintiff***

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DISMISSAL AND NOTICE OF RIGHTS**

To: Kenneth N. Calkins
11018 Deer Valley Dr.
Skiatook, OK 74070

From: Kansas City Area Office
Gateway Tower II
400 State Avenue, Suite 905
Kansas City, KS 66101

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 564-2017-01492
EEOC Representative: James D. Dixon, Investigator
Telephone No.: (913) 551-5842

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that back pay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_____  5/22/18
Natascha DeGuire,  (Date Mailed)
Area Office Director

Enclosures(s)

cc:
Randi L. Tangney
Counsel, Employment & Litigation
Lockton Companies
444 W. 47th Street, Suite 900
Kansas City, MO 64112

William Humphrey, III
Executive Vice President
Lockton, Inc.
444 W. 47th Street, Suite 900
Kansas City, MO 64112

Charles C. Vaught, Esq.
ARMSTRONG & VAUGHT PLC
2727 E. 21st Street, Suite 505
Tulsa, OK 74114


RECEIVED 05/24/2018

**EXHIBIT 1**

6